UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NEVADA RESTAURANT SERVICE, INC., d/b/a DOTTY'S, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF LAS VEGAS, CITY COUNCIL OF LAS VEGAS, <br><br> Defendants. | Case No.: 2:15-cv-2240-GMN-GWF <br><br> **ORDER** |

Pending before the Court is Plaintiff Nevada Restaurant Service, Inc.'s ("Dotty's") Ex Parte Motion for Temporary Restraining Order and Motion for Preliminary Injunction (ECF No. 2), to which Defendants City of Las Vegas and City Council of Las Vegas (collectively, "Defendants") filed a Response (ECF No. 8).

**I. BACKGROUND**

Dotty's Store #110 received a temporary restricted gaming license from the City of Las Vegas and opened on March 9, 2015. (Mot. for TRO 5:20–23, ECF No. 2). Restricted gaming licenses under Las Vegas Municipal Code § 6.40.020 allow for "not more than fifteen slot machines, incidental to the primary business at the establishment." (*Id.* at 5:1–4). Dotty's temporary restricted gaming license allowed for fifteen gaming machines. (*Id.* at 5:21).

A temporary license for such establishment becomes permanent by vote of the City Council of Las Vegas, generally through a Consent Agenda. (*Id.* at 6:4–20). A permanent license for Dotty's was placed on the April 15, 2015, Consent Agenda for the City Council. (*Id.* at 6:4–5). Prior to the City Council meeting, the item was removed

from the Consent Agenda. (*Id.*).  The City Council revisited Dotty's license at several further meetings over the next few months, each time holding the permanent license in abeyance, and extending Dotty's temporary license. (*Id.* at 6:18–7:15).  During this time, from April through September of 2015, the City Council approved by Consent Agenda four other permanent restricted gaming licenses for fifteen gaming machines at establishments allegedly similar to Dotty's. (*Id.* at 5:7–18).  Subsequently, on November 18, 2015, the City Council passed a motion to issue a permanent restricted gaming license to Dotty's, but the permanent license only allowed seven gaming machines, rather than the fifteen gaming machines allowed in the temporary license and sought by Dotty's. (*Id.* at 10:4–11:15).  The permanent license was set to take effect on November 26, 2015. (*Id.* at 11:13–17).

Dotty's argues that no rational justification was provided by the City Council for the reduction from fifteen to seven gaming machines.  Accordingly, Dotty's claims that Defendants have violated its equal protection rights under the Fourteenth Amendment of the U.S. Constitution because "there was no rational basis for a distinction between [Dotty's] intended business and the business of the comparable establishments." (*Id.* at 13:16–15:14) (internal quotation marks omitted).  In response, Defendants argue that the City Council has "broad discretion to regulate gaming." (Resp. to Mot. for TRO 7:6–7, ECF No. 8).

**II. LEGAL STANDARD**

Preliminary injunctions and temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).  A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to

1  hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters Local No.
2  70*, 415 U.S. 423, 439 (1974).

3       "A plaintiff seeking a preliminary injunction must establish that he is likely to
4  succeed on the merits, that he is likely to suffer irreparable harm in the absence of
5  preliminary relief, that the balance of equities tips in his favor, and that an injunction is in
6  the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).
7  Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear
8  showing that the plaintiff is entitled to such relief." *Id*. at 22. "[C]ourts must balance the
9  competing claims of injury and must consider the effect on each party of the granting or
10 withholding of the requested relief." *Id*. at 24 (internal quotation marks omitted).

11      Irreparable harm cannot be "economic injury alone . . . because such injury can be
12 remedied by a damage award." *Rent-A-Center, Inc. v. Canyon Tele. & Appliance Rental,
13 Inc.*, 944 F.2d 597, 603 (9th Cir. 1991). However, the Ninth Circuit has recognized
14 "intangible injuries" as well. *Id.* (indicating "advertising efforts and goodwill" as such
15 injuries in a case regarding a non-compete clause of a contract); *see also Regents of Univ.
16 of Cal. V. Am. Broad. Cos.*, 747 F.2d 511, 519–20 (9th Cir. 1984) (noting in an antitrust
17 case that "ongoing recruitment efforts and goodwill" qualify as irreparable harm).

18 **III. DISCUSSION**

19      For its showing of irreparable harm, Plaintiff Dotty's alleges that it "will be
20 seriously damaged and the store may even have to close." (Mot. for TRO 16:1–3, ECF
21 No. 2). Dotty's further alleges that this result could harm its "business goodwill and
22 other relationships." (*Id.* at 16:6–8). In its Response, Defendants perfunctorily assert that
23 money damages provide an adequate remedy for any potential loss. (Resp. to Mot. for
24 TRO 14:4–6, ECF No. 8).

Having considered the parties' briefs, declarations, and accompanying exhibits, the Court finds that Plaintiff has failed to sufficiently establish its claim of irreparable harm.  Unlike the "intangible injuries" acknowledged by the Ninth Circuit, Plaintiff's alleged irreparable harms are too vague and speculative in nature, and Plaintiff has failed to show that such potential injury cannot be adequately remedied by monetary damages. *See Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 675 (9th Cir. 1988)  (finding that, where multiple contingencies must occur before an injury would become a concrete harm, the injury was "too speculative to constitute an irreparable harm justifying injunctive relief.").  For this reason, the Court denies both the TRO and the Preliminary Injunction.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for TRO and Preliminary Injunction (ECF No. 2) is **DENIED without prejudice**.  Plaintiff may refile by December 16, 2015, and then Defendant has until December 23, 2015, to respond.

**DATED** this __3__ day of December, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court