**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NEVADA RESTAURANT SERVICE, INC., d/b/a DOTTY'S, <br><br> Plaintiff, <br> vs. <br><br> CITY OF LAS VEGAS, CITY COUNCIL OF LAS VEGAS, <br><br> Defendants. | Case No.: 2:15-cv-02240-GMN-GWF <br><br> **ORDER** |

Pending before the Court is Defendants City of Las Vegas and City Council of Las Vegas' (collectively "Defendants'") Motion in Limine, (ECF No. 64), to which Plaintiff Nevada Restaurant Services, Inc. ("Plaintiff") filed a Response, (ECF No. 71), and Defendants filed a Reply, (ECF No. 76).[1]

Also pending before the Court are two of Plaintiff's Motions in Limine, (ECF Nos. 65, 66). Defendants filed Responses to the Motions, (ECF Nos. 72, 73), and Plaintiff filed Motions for Leave to File Replies, (ECF No. 77, 79), to both of its Motions in Limine.[2]

**I.  BACKGROUND**

This case arises out of Defendants' issuance of a permanent restricted gaming license to Plaintiff for its Store #110, located at 10000 West Sahara Avenue, Suite 100, Las Vegas, NV 89117 ("Store #110") that allowed only seven gaming machines, rather than the fifteen

---

[1] Pursuant to Local Rule 16-3(a), replies to motions in limine will be allowed only with leave of the court. Here, Defendants have not requested leave to file their Reply, (ECF No. 76). Accordingly, **IT IS HEREBY ORDERED** that Defendants' Reply is **STRICKEN**.

[2] For good cause appearing, **IT IS HEREBY ORDERED** that Plaintiff's Motions for Leave to File Responses, (ECF Nos. 77, 79), are **GRANTED**. *See* D. Nev. LR 16-3.

machines sought by Plaintiff and previously permitted by Plaintiff's temporary license. (Compl. ¶ 49, ECF No. 1). On November 25, 2015, Plaintiff filed its Complaint in this Court, including six causes of action: (1) Petition for Writ of Mandamus, (2) Judicial Review, (3) Equal Protection Violation, (4) Violation of 42 U.S.C. § 1983, (5) Injunctive Relief, and (6) Declaratory Relief. (*See id.* ¶¶ 50–89). Plaintiff asserts that the reduction of its gaming machines from the fifteen to seven was arbitrary and capricious, and that it was treated differently than other similarly situated establishments. (*Id.* ¶¶ 40–48). On March 31, 2017, the Court granted in part and denied in part Defendants' motion for summary judgment dismissing Plaintiff's general equal protection claim, and finding that there were genuine issues of fact for the other causes of action. (Order 11:2–5, ECF No. 50).

In Defendants' instant Motion in Limine, they request that the Court prohibit Plaintiff from introducing evidence or testimony concerning its alleged damages at trial. (Mot. in Lim. ("MIL") 1:24–26, ECF No. 64).

In Plaintiff's first Motion in Limine, it requests that the Court preclude evidence of Plaintiff's other administrative or legal actions. (*See generally* MIL, ECF No. 65). In Plaintiff's second Motion in Limine it requests that the Court preclude evidence that applicants for new tavern locations are treated differently for gaming license purposes than existing tavern locations. (*See generally* MIL, ECF No. 66).

## II.     LEGAL STANDARD

### A. Motion in Limine

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a). In order to satisfy the burden of proof for Federal Rule of Evidence ("FRE") 104(a), a party must show that the requirements for admissibility are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("We have traditionally required that these matters [regarding

admissibility determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

"Although the [FRE] do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing FRE 103(c)). In limine rulings "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see also Luce*, 469 U.S. at 41 (noting that in limine rulings are always "subject to change," especially if the evidence unfolds in an unanticipated manner). To exclude evidence on a motion in limine, the evidence must be "clearly inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

### III. DISCUSSION

#### A. Defendants' Motion in Limine ECF No. 64

*1. Computation of Damages*

Defendants move to preclude Plaintiff from "introducing evidence or testimony concerning its alleged damages at trial" on the basis that Plaintiff did not sufficiently disclose its damages during discovery. (MIL 1:24–26, ECF No. 64). Defendants argue that Plaintiff "failed to provide, as required by Rule 26, a computation of its damages or, *ipso facto*, evidence on which any computation was based. Thus, pursuant to Rule 37, the Court must prohibit Plaintiff from introducing any evidence or testimony concerning damages at trial." (*Id.* 2:24–27).

In Response, Plaintiff argues that Defendants' Motion should be denied for three reasons: (1) Plaintiff's computation of damages was sufficient to satisfy Rule 26(a) because it not only provided an amount of the damages, but also provided the information necessary to determine how that amount was computed; (2) if there was a violation of Rule 26, it was

harmless; and (3) neither the facts nor the law support the harsh remedy of total exclusion of Plaintiff's damages. (Resp. 2:11–17, ECF No. 71).

Federal Rule of Civil Procedure ("FRCP") 26(a)(1)(A)(iii) requires a party to provide "a computation of each category of damages claimed by the disclosing party." The disclosing party "must also make available for inspection and copying as under [FRCP] 34 the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). While a party may not have all of the information necessary to provide a computation of damages early in the case, it has a duty to diligently obtain the necessary information and prepare and provide its damages computation within the discovery period. *See Allstate Ins. Co. v. Nassiri*, No. 2:08-cv-00369-JCM-GWF, 2010 WL 5248111, *4 (D. Nev. 2010).

Pursuant to FRCP 26(e)(1)(A), a party must supplement or correct its disclosures or discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." However, "Rule 26 does not elaborate on the level of specificity required in the initial damages disclosure." *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 240 (D. Nev. 2017) (citing *City and County of San Francisco v. Tutor–Saliba Corporation*, 218 F.R.D. 219, 221–222 (N.D. Cal. 2003)). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

On February 26, 2016, Plaintiff submitted its initial disclosures which stated

> As indicated in the pending motion for preliminary injunction, [Plaintiff's] potential damages arising from the actions of the City are difficult to compute, as many of them constitute irreparable harm. In the event that no injunction is granted and the City's position is allowed to stand, [Plaintiff] will require expert

analysis and testimony on this point, which will be supplemented at a later time. [Plaintiff's] damages will also include attorney's fees and costs.

(Pl.'s Initial Disclosures 5:17–22, Ex. A to MIL, ECF No. 64-1).

Plaintiff claims that during discovery it realized expert analysis was unnecessary to prove its damages, and for this reason, Plaintiff supplemented its initial disclosure on the last day of discovery, November 15, 2016. (Resp. 3:12–18); (*see* Scheduling Order, ECF No. 33). The supplement reads as follows:

> As indicated in earlier disclosures, [Plaintiff] needed more data to fully and accurately calculate its damages arising from the City's actions. In the time since, Robert Swadkins of [Plaintiff] has been able to assemble and analyze that data in a meaningful and accurate way. As of October 31, 2016, [Plaintiff] has been able to estimate its loss of slot win damages arising from the reduction of 15 slot machines to 7 slot machines to be between $600,000 to $1,025,000. [Plaintiff] continues to accrue these damages on a daily basis and reserves its right to supplement its damages computation. [Plaintiff's] damages also include attorney's fees and costs.

(Pl.'s First Supplement to Initial Disclosures 12:5–13, Ex. B to MIL, ECF No. 64-2).

The Court finds that Plaintiff's supplement disclosure is sufficient under FRCP 26. First, FRCP 26 does not require a certain level of specificity. *Silvagni*, 320 F.R.D. at 240. Second, the rule does not require Plaintiff to produce documents. Fed. R. Civ. P. 26(a)(1)(A)(iii). FRCP 26 requires that Plaintiff make available for inspection and copying documents on which the computation is based. *Id.* Here, Defendants do not argue that they were not permitted to inspect or copy data used to compute damages, instead Defendants claim that "Plaintiff did not disclose any admissible documentation, information, or data to support its alleged gaming damages." (MIL 6:21–22). Indeed, Plaintiff notes that Defendants "refused to conduct discovery during the discovery period" and "did not request additional information or documents, nor did it request an opportunity to extend or reopen discovery on a limited basis to depose Mr. Swadkins." (Resp. 7:23–24, 4:12–14).

At this time the Court is not persuaded that Defendants were unable to inspect the data Robert Swadkins used to calculate damages. Further, Plaintiff's supplement details how the damages were computed and provides a witness for support; Robert Swadkins estimated the amount of daily profits per machine, multiplied by eight machines, from the date the number of slot machines were reduced until October 13, 2016. Therefore, Plaintiff provided its computation of damages in sufficient detail which enabled Defendants to understand the contours of their potential exposure and make informed decisions regarding settlement and discovery.

Furthermore, the Court finds that any lack of detail or support was harmless. Defendants are able to proceed to trial without additional computation information because Defendants have been given sufficient information to understand Plaintiff's damages requests and how Plaintiff plans to present its damages calculation at trial. Trial is currently sent for October 15, 2018, almost two months after Plaintiff's damages supplement was provided, which provides Defendants ample time to request to reopen discovery, to find an expert witness, and depose Robert Swadkins. (*See* Order, ECF No. 75); *see also Nassiri*, 2010 WL 5248111 at *5 (noting that evidence is most often excluded in "'extreme situations' in which the plaintiff did not provide a damages computation until shortly before trial or until well after the close of discovery"); *see also CCR/AG Showcase Phase I Owner, LLC v. United Artists Theatre Circuit, Inc.*, No. 2:08-cv-0984-RCJ-GWF, 2010 WL 1947016, at *8 (D. Nev. May 13, 2010) (citing *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008) ("[C]ourts are more likely to exclude damages evidence when a party first discloses its computation of damages shortly before trial and substantially after discovery has closed"); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105 (9th Cir. 2001) (excluding expert evidence submitted nearly two years after the close of discovery and twenty eight days before trial). In light of the length of time Defendants have between the disclosure

and trial date to prepare, the Court finds that the supplement was harmless and preclusion is inappropriate. Accordingly, Defendants' request to prohibit the introduction of evidence regarding alleged compensatory and special damages is denied.

2. *Lay Opinion Testimony*

Additionally, Defendants request that Robert Swadkins be "prohibited from offering any testimony about Plaintiff's purported damages at trial." (MIL 7:19–20, ECF No. 64). Defendants claim that Plaintiff failed to disclose a witness that can offer admissible expert or lay opinion testimony concerning the alleged damages. (*Id.* 7:13–14). Defendants argue that Mr. Swadkins, Plaintiff's Chief Financial Officer, "was never designated by Plaintiff as an expert" and that he cannot offer lay opinion testimony concerning Plaintiff's alleged damages because it would require specialized knowledge, and "any data or evidence upon which his opinion would rest was never disclosed and is, thus, inadmissible." (*Id.* 7:15–19, 8:19–20). Plaintiff claims that "Mr. Swadkins' lay opinion testimony is admissible evidence because it does not require specialized knowledge." (Resp. 2:18–19, ECF No. 71).[3]

Lay witness testimony is limited to testimony "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. However, the Committee Notes state that "most courts have permitted the owner or officer of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert." Fed. R. Evid. 701, Advisory Committee Notes–-2000 Amendments. "Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has

---

[3] The Court will only consider whether Robert Swadkins' lay opinion testimony is admissible because it is undisputed that Plaintiff is not designating Mr. Swadkins as an expert witness. (*See* Resp. 10:24–25).

by virtue of his or her position in the business." *Id.*; *see, e.g.*, *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153 (3d Cir. 1993) (no abuse of discretion in permitting the plaintiff's owner to give lay opinion testimony as to damages, as it was based on his knowledge and participation in the day-to-day affairs of the business).

Based on the information currently available, the Court agrees with Plaintiff that Robert Swadkins should be permitted to provide lay opinion testimony as to the value of damages in regards to the loss of projected slot win profits. Robert Swadkins, by virtue of his position in the company as Plaintiff's Chief Financial Officer has particularized knowledge of Plaintiff's financial data. Moreover, Robert Swadkins likely has personal knowledge of the affect the reduction in gaming machines has had on Plaintiff's profits. *See Nationwide Transp. Fin. v. Cass Info. Sys., Inc*., No. 2:04-cv-08-BES-LRL, 2006 WL 5242377, at *6 (D. Nev. Mar. 6, 2006) ("the owner or officer has to have personal knowledge of the information underlying the calculations and how that information is combined to achieve the bottom line"). However, to the extent that Robert Swadkins attempts to provide specialized knowledge testimony as a lay opinion witness, the Court will not allow this form of testimony. Furthermore, Defendants do not provide any authority to support its argument that lay opinion testimony is inadmissible without the disclosure of a report, data, or documentation. Accordingly, Defendants' request to preclude Robert Swadkins' lay opinion testimony is denied.

**B. Plaintiff's Motion in Limine ECF No. 65**

In this Motion, Plaintiff moves to preclude as irrelevant and prejudicial reference to: (1) a 2012 order involving litigation between Plaintiff and Clark County, (2) the 2011 Clark County action, *Nevada Rest. Servs., Inc. v. Clark Cty.*, No. 2:11-cv-00795-KJD, 2012 WL 4355549 (D. Nev. Sept. 21, 2012), *aff'd*, 638 F. App'x 590 (9th Cir. 2016) ("County Action"), and (3) any reference to other legal or administrative actions involving Plaintiff, and (4) materials submitted by Todd Bice, counsel for Plaintiff's competitors, during the July 1, 2015

City Council Hearing for the licensing of Store #110. (MIL 2:27–3:8, ECF No. 65). Specifically, Plaintiff seeks to preclude the following documents produced by Todd Brice: May 18, 2005 order involving Plaintiff's affiliate Oregon Restaurant Services, City of Henderson City Council March 19, 2013 meeting transcript, Scott Killebrew's undated statement, and transcripts of hearings before the State Gaming Control Board and Nevada Gaming Commission from 2004, 2006, 2011, 2013, 2014 (collectively "the documents"). (*Id.* 3:4–15).

Plaintiff argues that the County Action and the documents are irrelevant to the issues raised in this action. (*Id.* 5:26–6:1). Plaintiff avers that "[t]his case is about the specific actions the City took with respect to Store #110 in 2015 and these other legal actions and administrative hearings have nothing to do with this case," further, they "would be prejudicial, a waste of time, and misleading to the jury." (*Id.* 6:24–7:4).

Defendants argue that the information regarding other actions is part of the administrative record, and the "Court must review the administrative record as a whole and conduct its limited review to determine if the decision of the City Council is supported by substantial evidence." (Resp. 2:5–9, ECF No. 72). Defendants claim that the Court "may not delete any portion of the record, such as documents relating to [Plaintiff's] other legal proceedings," and that the review of the record "must be conducted by the Court rather than the jury." (*Id.* 4:11–16). Additionally, Defendants contend that the decisions in both this district and the Ninth Circuit involving Plaintiff and Clark County "are valid legal authority and may be cited and argued to the Court for legal purposes such as motions pursuant to [FRCP] 52(c) and to support proposed jury instructions." (*Id.* 4:24–5:5).

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1028 (9th Cir. 2015). Here, Defendants fail to address the

specific evidence Plaintiff seeks to preclude, and whether it would be relevant or prejudicial if presented to a jury. The Court finds that based on the briefing, the evidence is not "clearly inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). Accordingly, the request to preclude the documents from the jury is denied as premature.

Additionally, the Court finds that Defendants and Plaintiff agree that Plaintiff's other legal actions should not be presented to the jury on its federal equal protection claim. (*See* Resp. 2: 15–16) ("evidence of [Plaintiff's] legal issues may not be appropriate evidence for presentation to the jury on its federal equal protection claim"); (*see also* Reply 1:26–28) ("Although the Court reviews the administrative record as a whole on [Plaintiff's] petition for writ of mandamus and judicial review claims, that does not mean that the jury is required to review that same information for [Plaintiff's] equal protection violation claims"). The Court finds that Plaintiff's administrative or legal actions that are a part of the administrative record are admissible for judicial review. However, to the extent that the parties agree other legal actions should not be presented to the jury, the Court will exclude this evidence from the jury.

Further, a review of legal authority for the Court to make a finding of law is not prejudicial or irrelevant. Plaintiff has not cited to any authority to persuade the Court that legal authority, such as the County Action, should be precluded from the Court if it is offered for the purpose of citing legal authority. (*See* D. Nev. LR 16-3(a)) ("Motions in limine must identify the particular evidence or argument to be excluded and state the constitutional, statutory, or regulatory reasons why the evidence is inadmissible"). Therefore, to the extent that Defendants cite to the County Action or other actions that are not part of the administrative record as legal authority to support proposed jury instructions and motions pursuant to FRCP 52(c), they are permitted to do so. Accordingly, Plaintiff's Motion is granted in part and denied in part.

**C. Plaintiff's Motion in Limine ECF No. 66**

In this Motion, Plaintiff requests that Defendants be precluded from introducing evidence that applicants for initial permanent restricted gaming licenses are treated differently for licensing purposes than applicants for permanent restricted gaming licenses because this evidence is irrelevant and prejudicial. (MIL 3:13–28, ECF No. 66).[4]

Defendants respond that Plaintiff's "Store #110—unlike existing tavern locations that already possessed restricted gaming licenses—was granted a restricted gaming license after a crucial November 4, 2015-staff study recommended limiting the number of slot machines for future restricted-gaming licensees to ensure their gaming revenue was incidental to the primary business." (Resp. 4:19–22, ECF No. 73). Defendants argue that the "timing of applicable licensing decisions" distinguished Store #110 from existing taverns with restricted gaming licenses, and is evidence that Store #110 is not similarly situated in comparison to the four taverns Plaintiff references because those four taverns were "granted restricted gaming licenses for fifteen slot machines *before* the November 4, 2015-staff study." (*Id.* 4:24–5:1).

This Motion is relevant to Plaintiff's class-of-one equal protection claim. In order for Plaintiff to establish a violation of equal protection in a class-of-one case, the plaintiff must establish that the defendants: "(1) intentionally (2) treated [Plaintiff] differently than other[s] similarly situated, (3) without a rational basis." *Gerhart v. Lake Cty., Mont.*, 637 F.3d 1013, 1022 (9th Cir. 2011) (citing *Vill. Of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008)). Therefore, it is Plaintiff's burden to demonstrate that the other taverns were similarly situated. For this reason, evidence offered by Defendants to show that the taverns were not similarly situated or that Defendants

---

[4] Plaintiff requests oral argument on its Motion in Limine, (ECF No. 66). The Court finds that the parties' arguments are sufficiently briefed and oral argument is unnecessary at this time. Accordingly, the Court **DENIES** Plaintiff's motion for hearing.

had a rational basis for their actions, such as the date Plaintiff was granted a restricted gaming license and the November 4, 2015 staff study, are relevant to the class-of-one claim.

Additionally, the Court finds that Plaintiff has failed to identify how this evidence is unfairly prejudicial. FRE 403 requires the Court to determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. *United States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993); *see* Fed. R. Evid. 403. However, Plaintiff fails to explain how the probative value of the different circumstances between the applicants is outweighed by the danger of unfair prejudice. Accordingly, Plaintiff's Motion is denied.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion in Limine, (ECF No. 64), is **DENIED**.

**IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine, (ECF No. 65), is **GRANTED in part and DENIED in part**.

**IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine, (ECF No. 66), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Reply, (ECF No. 76), is **STRICKEN**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Leave to File Responses, (ECF Nos. 77, 79), are **GRANTED**.

**DATED** this __20__ day of August, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court