# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

NEVADA RESTAURANT SERVICES, INC., )
d/b/a DOTTY'S, )
                                   )     Case No.: 2:15-cv-02240-GMN-GWF
              Plaintiff,         )
vs.                            )     **ORDER**
                                   )
CITY OF LAS VEGAS, CITY COUNCIL OF )
LAS VEGAS, )
                                   )
             Defendants.       )
                                   )

Pending before the Court is Plaintiff Nevada Restaurant Services, Inc.'s ("Plaintiff's") Motion for Jury Trial and Advisory Jury, (ECF Nos. 85, 86). Defendants City of Las Vegas and City Council of Las Vegas, (collectively "Defendants"), filed a Response, (ECF No. 96), and Plaintiff filed a Reply, (ECF No. 99).[1]

Also pending before the Court is Defendants' Motions in Limine, (ECF No. 89), to which Plaintiff filed a Response, (ECF No. 97).[2]

# I.     BACKGROUND

This case arises out of Defendants' issuance of a permanent restricted gaming license to Plaintiff for its Store #110, located at 10000 West Sahara Avenue, Suite 100, Las Vegas, NV 89117 ("Store #110"), which allowed only seven gaming machines rather than the fifteen

---

[1] Also pending before the Court is Defendants' Motion for a Pre-trial Order, (ECF No. 107), concerning which questions will be tried before a jury based on Plaintiff's remaining claims. That Motion is not ripe for a decision at this time. The Court will, however, address Defendant's Motion for Pre-trial Order at calendar call scheduled for February 4, 2019.

[2] Also pending before the Court is Plaintiff's Motion to Supplement the Record, (ECF No. 83). Defendants filed a Response, (ECF No. 93), and Plaintiff filed a Reply, (ECF No. 98). The Court will address this Motion during calendar call to discuss the extent that certain documents were "presented to" the City of Las Vegas and thus may supplement the current administrative record provided to the Court. *See Consol. Municipality of Carson City v. Lepire*, 914 P.2d 631, 632–33 (1996).

machines sought by Plaintiff. (Compl. ¶ 49, ECF No. 1). On November 25, 2015, Plaintiff filed its Complaint in this Court, including six causes of action: (1) Petition for Writ of Mandamus, (2) Judicial Review, (3) Equal Protection Violation, (4) Violation of 42 U.S.C. § 1983, (5) Injunctive Relief, and (6) Declaratory Relief. (*See id.* ¶¶ 50–89). Plaintiff asserts that the reduction of its gaming machines from the fifteen to seven was arbitrary and capricious, and that it was treated differently than other similarly situated establishments. (*Id.* ¶¶ 40–48).

On March 31, 2017, the Court granted in part and denied in part Defendants' motion for summary judgment, dismissing Plaintiff's general equal protection claim and finding that there were genuine issues of fact for the other causes of action. (Order 11:2–5, ECF No. 50). Plaintiff now requests that the Court order the writ of mandamus claim be tried before a jury, and order an advisory jury for the judicial review claim. (Mot. Jury Trial 2:20–27, ECF No. 85). Additionally, Defendants, in their motion in limine, request that the Court preclude Plaintiff from calling City Council Members to testify during trial about their motivations and rationales for their votes on Plaintiff's gaming license application. (Mot. Lim. 3:2–8, ECF No. 89).

## II. LEGAL STANDARD

**A. Motion for Jury Trial**

Nevada Revised Statute 34.220 governs the use of a jury for writs of mandamus, and it provides:

> If an answer is made, which raises a question as to matter of fact essential to the determination of the motion, and affecting the substantial rights of the parties, and upon the supposed truth of the allegation of which the application for a writ is based, the court may, in its discretion, order the question to be tried before a jury, and postpone the argument until such trial can be had and the verdict certified to the court.

Under Federal Rule of Civil Procedure 39(c)(1), in an action not triable by right to a jury the court "may try any issue with an advisory jury[.]" If an advisory jury is empaneled, the

court is free to accept or reject the advisory jury's findings, in whole or in part, and is obligated to make its own independent assessment of the issues submitted to the advisory jury. *Ashland v. Ling–Temco–Vought, Inc.*, 711 F.2d 1431, 1438 (9th Cir. 1983); *see also OCI, Wyoming v. PacifiCorp*, 479 F.3d 1199, 1206 (10th Cir. 2007).

### B. Motion in Limine

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a). In order to satisfy the burden of proof for Federal Rule of Evidence ("FRE") 104(a), a party must show that the requirements for admissibility are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("We have traditionally required that these matters [regarding admissibility determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

"Although the [FRE] do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing FRE 103(c)). In limine rulings "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see also Luce*, 469 U.S. at 41 (noting that in limine rulings are always "subject to change," especially if the evidence unfolds in an unanticipated manner). To exclude evidence on a motion in limine, the evidence must be "clearly inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

## III. DISCUSSION

### A. Plaintiff's Motion for Jury Trial and Advisory Jury

Plaintiff requests a jury trial for its writ of mandamus claim to address an outstanding question of fact: whether Plaintiff was treated differently than similarly situated taverns. (*See*

Order 9:20–22, 10:16–18, ECF No. 50); (Mot. Jury Trial 3:15–24, ECF No. 85). Nevada Revised Statute 34.220 governs the use of a jury for a writ of mandamus claim, and it states "if an answer is made, which raises a question as to a matter of fact essential to the determination of the motion . . . the court may, in its discretion, order the question to be tried before a jury. Nev. Rev. Stat. 34.220. However, Plaintiff does not provide supporting reasons to guide the Court's discretion in ordering a jury trial on the limited factual issue in this case. (*See* Mot. Jury Trial 3:5–24, ECF No. 85); (Reply 2:21–315, ECF No. 99). By contrast, Defendants explain that a jury may confuse the issues before the Court or invite error, because a jury may go beyond the limited role of a reviewing court in a writ of mandamus claim, which is to only consider the "evidence presented to" the City Council. *Consol. Municipality of Carson City v. Lepire*, 112 Nev. 363, 364–65 (1996). While the Court can limit that potential error by permitting the jury to only consider the City Council record, the risk of any jury error and the absence of benefits weighs against ordering a jury trial. Accordingly, the Court will not exercise its discretion to order a jury trial for Plaintiff's writ of mandamus claim.

The Court similarly declines to order an advisory jury for Plaintiff's writ of mandamus and judicial review claims. Though Federal Rule of Civil Procedure 39(c)(1) authorizes courts to "try any issue with an advisory jury" even if an action is not triable by a binding jury, Plaintiff does not identify benefits that an advisory jury would bring to this case. Even if the Court were to order an advisory jury, the Court nonetheless "has the 'ultimate responsibility' for deciding the case's legal and factual issues." *OCI Wyoming, L.P. v. PacifiCorp*, 479 F.3d 1199, 1206 (10th Cir. 2007). An advisory jury thus may needlessly complicate the trial in this matter, which leads the Court to deny Plaintiff's request to empanel an advisory jury. *Van Asdale v. Int'l Game Tech.*, No. 3:04-cv-703-RAM, 2010 WL 1490349, at \*7 (D. Nev. Apr. 13, 2010), *aff'd sub nom. Asdale v. Int'l Game Tech.*, 549 F. App'x 611 (9th Cir. 2013).

### B. Defendants' Motion in Limine, ECF No. 89

Defendants, in their Motion in Limine, (ECF No. 89), seek to preclude Plaintiff from calling the following City Council Members to testify at trial about their purposes or motivations for their votes on Plaintiff's license: Mayor Carolyn Goodman, former Mayor Pro Tem Steven D. Ross, former Councilman Ricki Y. Barlow, Councilman Bob Coffin, Mayor Pro Tem Lois Tarkanian, former Councilman Bob Beers, and Councilman Stavros Anthony. (Mot. Lim. 2:20–23, ECF No. 89). Defendants argue that federal courts are "reluctant to allow inquiry into the mental processes of legislative, administrative or executive decision makers," and that this case warrants application of that general rule. (*Id.* 3:3–5:23) (citing *City of Las Vegas v. Foley*, 747 F.2d 1294 (9th Cir. 1984), and *Federal Commc'ns Comm'n v. Beach Commc'ns, Inc.*, 508 U.S. 307, 315 (1993)).

Conversely, Plaintiff argues that Defendants waived the ability to preclude testimony from current or former City Council Members because several Members have already been deposed in this case. (Resp. 4:5–18, ECF No. 97). Plaintiff further argues that the Court should not prevent current or former City Council Members from testifying because their testimony is directly relevant to, and highly probative of, the elements of Plaintiff's class-of-one equal protection claim. (*Id.* 4:21–2).

Addressing Plaintiff's waiver argument, Plaintiff does not explain the context and extent to which City Council Members already testified in depositions about their actions with Plaintiff's gaming license application. The Court thus cannot fully evaluate waiver at this time. *Thompson v. City of N. Las Vegas*, 833 P.2d 1132, 1134 (Nev. 1992) ("In order to be effective, a waiver must occur with full knowledge of all material facts."); *see Gary G. Day Constr. Co. v. Clarendon Am. Ins. Co.*, 459 F. Supp. 2d 1039, 1049 (D. Nev. 2006). The Court reserves the ability to revisit this issue, if needed, based on circumstances that arise at trial.

Next, concerning Plaintiff's relevance argument about the testimony of City Council Members' motives and intentions, for Plaintiff to succeed on its class-of-one equal protection claim, it must prove that Defendants: (1) intentionally, (2) treated Plaintiff differently that others similarly situated, (3) without a rational basis. *Gerhart v. Lake Cty., Mont.*, 637 F.3d 1013, 1022 (9th Cir. 2011) (citations omitted). For the first element of intentional conduct, a plaintiff does not need to demonstrate "subjective ill will." *Id.* at 1022. Rather, a plaintiff needs to show that a defendant "intended to treat him differently from other applicants," which can be shown through testimony of objective facts rather than subjective motivations. *Id.*

Against the backdrop of these elements, City Council Members' testimony about their actions could directly help prove the required element of disparate, intentional conduct by City Council Members toward Plaintiff's gaming license application. City Council Members' testimony may also help demonstrate arbitrary, irrational conduct. *See Valley Outdoor, Inc. v. City of Riverside*, 446 F.3d 948, 955 (9th Cir. 2006). Thus, such testimony is directly relevant to Plaintiff's class-of-one equal protection claim.

The next issue, then, is the extent to which Plaintiff should be allowed to question City Council Members about their subjective intentions and motivations, even though such inquiry "is usually to be avoided." *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977); *see, e.g., Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 268 (1977) ("In some extraordinary instances the members might be called to the stand at trial to testify concerning the purpose of the official action, although even then such testimony frequently will be barred by privilege."). Courts have, in some instances, allowed testimony from officials about their motivations in the context of equal protection claims against city council members. *Cf. N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1126 (N.D. Cal. 2003). For example, in *North Pacifica, LLC v. City of Pacifica*, the court evaluated the permissible scope of

testimony from city council members about the motive and intent of their decision-making process when those members created a condition of approval for a proposed condominium project. 274 F. Supp. 2d at 1120. The court weighed the need for such testimony in light of privilege, and ultimately permitted testimony from city council members in the limited form of "objective manifestations of the decision-making process." The *North Pacifica* Court identified permissible areas of examination, including: questioning city council members about "what they heard, what they read, [and] what they were told" about the proposed project and the condition of approval; and what city council members said to others about the proposed project and the condition of approval. *Id.* at 1124–25. The court's primary reason for allowing the limited testimony was the need for that evidence with the plaintiff's equal protection claim balanced against the availability of analogous evidence from other sources. *Id.* at 1124.

Here, Plaintiff may require more than the administrative record to establish its equal protection claim, such as testimony from City Council Members. Further, as discussed above, that testimony could reveal facts directly relevant to the disputed elements in Plaintiff's class-of-one equal protection claim. Accordingly, the Court preliminarily will permit Plaintiff to elicit testimony from City Council Members, but will limit such testimony to objective circumstances surrounding their decision-making process for Plaintiff's license application. For example, Plaintiff may, within the applicable Federal Rules of Evidence, question City Council Members about: the procedural handling of Plaintiff's license application; and disparities between Plaintiff's application process and other applicants. *See City of Las Vegas v. Foley*, 747 F.2d 1294, 1298 (9th Cir. 1984) (explaining approved forms of testimony by city council members after analyzing the decision of *Tovar v. Billmeyer*, 721 F.2d 1260, 1262 (9th Cir. 1983)).[3] By contrast, at this time the Court will not allow Plaintiff to inquire about the

---

[3] Plaintiff states that its intention to seek testimony from City Council Members is "with respect to Dotty's equal protection claim." (Resp. 2:21–23, ECF No. 97). The Court's decision on Defendant's Motion in Limine, (ECF No. 89), is thus limited to that context.

subjective mental impressions or processes of City Council Members. Plaintiff has not supported its present need to take such action in light of the availability of comparable evidence.[4]

Altogether, Plaintiff has not currently provided sufficient support to show that its equal protection claim justifies intrusion into the mental processes of City Council Members. *See Lee v. City of Los Angeles*, 908 F.3d 1175, 1188 (9th Cir. 2018). The Court reserves the ability, however, to revisit the extent of permissibility at trial should it become clear that the objective evidence is inadequate. *See N. Pacifica, LLC*, 274 F. Supp. 2d at 1126.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Jury Trial and Advisory jury, (ECF No. 85, 86), is **DENIED**.

**IT IS HEREBY ORDERED** that Defendant's Motion in Limine, (ECF No. 89), is **DENIED in part and GRANTED in part**.

**DATED** this __4__ day of February, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

[4] Similarly, the Court does not opine at this time about Plaintiff's ability to make an inquiry even if there were additional support.